Good morning, may it please the court. Elidoro Moreno, Jr., counsel for the petitioner. In this case, the court has jurisdiction to review whether Ms. Kaur filed her asylum application timely. Now, also, upon that review, this court must find that Ms. Kaur provided clear and convincing evidence that she filed her asylum application within one year after entering the United States. And secondly, substantial evidence does not support the BIA's and the IJ's determination that Ms. Kaur's harm does not rise to the level of persecution. And first off, this court's precedents in Kuna Verdiens v. Mukasey and in Lynn v. Holder make clear that not only can the court review the timeliness of Ms. Kaur's asylum application, but also that Ms. Kaur provided clear and convincing evidence. And that is because in those two precedents, this court established that it was applying a statute to undisputed historical facts. And that's exactly what happened in this case. What does it mean, the IJ says, you didn't show by it, you didn't carry your burden of showing that you had filed within a year. And so if the IJ thought the facts were so clear, it wouldn't have said that, right? So it must have been determining that her testimony was not, in fact, that accurate. Is that right? No, no, Your Honor. Or how could the IJ reach that conclusion if the facts are absolutely, the historical facts are absolutely clear? Yes, Your Honor. And the reason that there's that distinction is because the IJ determined that there was no other evidence besides Ms. Kaur's testimony as to the time and place and manner of entry into the United States. Now, that's in the record, at the administrative record, page 60, which is where the IJ specifically cited to that reason as to why there was no clear and convincing evidence. But isn't the reason that the IJ ultimately gave was changed country conditions? Isn't that really what we're talking about? Well, Your Honor, that is one of the issues that the IJ reached. However, we would hold that the court would not be able to reach that issue and would have to remand back to the Board of Immigration Appeals. And the reason for that is because whether there's a changed country condition depends on who has the burden, whether the government has the burden or whether the petitioner does. And that's going to determine on whether Ms. Kaur established past persecution because then the burden would shift to the government if she did. Now, if we look at the IJ's decision, when they determined whether there's changed circumstances, the IJ reviewed it in terms of that it's Ms. Kaur's burden to approve. But, of course, under our position is that she established past persecution. That creates the presumption of a well-founded fear, and thus the burden shifts to the government. Thus, the court must remand to the agency in order for them to review that in the first instance because, of course, then the burden that was used in the case would be incorrect. So then in this case, Ms. Kaur testified credibly that her father was arrested April 8th of 2002. Then the day afterwards, she fled to her grandmother's home to stay there. And then she stayed there until her grandmother then died in October of 2002. A few days afterwards, the record is not clear, her father was released from custody. Then in November of 2002, the Punjab police went to her grandmother's house in search of Ms. Kaur. Now, Ms. Kaur was present when her mother died, and she just luckily happened not to be at her grandmother's home when the police went looking for her. So what evidence was there in the record that any persecution was on account of a protected ground? Well, Your Honor, as a threshold matter, we would argue that that issue is not before the court because both the BIA and the IJ did not make a determination on whether if there was persecution, whether it was on account of any protected ground. So our position is that the court would have to remand in order for the BIA and the IJ to make that determination in the first instance. However, in answering your question, we believe that it's clear that this is a mixed motive case, and at least in part, the persecution was on account of an imputed political opinion. Here, Ms. Kaur was arrested specifically. The police arrested her because they saw her name in the ledger, that she had paid money to the ASSF, which is an all Sikh student federation, which is a political organization. And she was arrested because of her involvement with her brother, who was a direct member of the ASSF. And it was clear with the statements that the police were making when she was arrested that this reasoning, that the only reason she was arrested is to find out more information about the organization, who was behind them, and then they were falsely alleging that she was some type of terrorist or extremist. Now, that clearly meets the requirement of at least in part, she was arrested because they were imputing her brother's political opinion to her. Now, getting to the point. I know you keep trying to answer my question about jurisdiction, but we can put that aside. Okay. And let's just assume we have jurisdiction here. Maybe you could talk about the IJ's determination and the BIA's determination that the treatment she suffered didn't amount to persecution. Because in order to reverse that and even get to the question of remand, we would have to say we're compelled to find that it's more like, I guess it's goo than it is like prasad and guo. So why don't you help us understand that? Yes, of course, Your Honor. And our position is that any reasonable fact finder would be compelled to find that her harm rose to the level of persecution. And the reason for this is there are multiple reasons for this. First off, Ms. Kaur was dragged, was beaten at her home when the police came to grab her. She was dragged by her car to the police station. I didn't really describe being beaten. I mean, that was when I read through the record. She talks about being slapped and her hair pulled and they were embracing her. And then she went to the doctor and the doctor said she was in shock. And so it doesn't, there wasn't the very specific allegations of extreme abuse that we've sometimes said is necessary for persecution. So what is the strongest, the actual language, or can you point us to the testimony that you rely on for this? Well, yes, yes, Your Honor. Specifically, she repeatedly testified that she had been beaten in multiple situations. She testified that she had been beaten again and again at her home, beaten again and again while she was in detention. When she spoke about being beaten, it was an administrative record 137 to 138. When she also testified about when she was beaten in the police custody is an administrative record 144 through 145 and at 147. Now she said, she did say that her hair had been pulled so hard that her head was spinning. But what I think is also very important in this case is that she said that she was beaten so much that when she was released, she couldn't even walk properly. Then she went to go get medical treatment and was under a doctor's care for two weeks. What was the nature of the medical treatment? Now, the record is not clear. It says that she received medication. But that's the extent of the testimony as to the medical treatment that she had received. No besetting of broken bones, no dressing of wounds, nothing. That's what we've seen in other cases, that there have been, you know, treatment surgery or treatment of broken bones or abrasions, contusions. So it's a little bit difficult to say that we are compelled to find persecution when we don't have the type of detail that we normally have, when we are determining that there has been a sufficient injury that medical treatment is required. Well, Your Honor, I would agree that there's some ambiguity in the record as to what exact medical treatment that she received. However, we believe that it is a mistake to limit this just to her two days of arrest. This Court has held that the cumulative effect of everything that occurs to a respondent can be taken into account and should be taken into account to determine whether the harm that she suffered arises to the level of persecution. In this case, there are many other things that occurred. Her brother was arrested a few days before she was. While she was being beaten in custody, the police constantly said that if she did not give them the information that they requested, that they would kill her brother in a false encounter. Now, of course, she would obviously believe this because her brother had already been arrested, and she had already been beaten, and she was in custody for two days. Of course, her brother has not been seen of since that arrest. Now, also, afterwards, the police went back looking for her again, arrested her father on April 8th. Her father was held for six months. She fled to her sister's house. Then the police went looking for her, excuse me, fled to her grandmother's house. Then the police went looking for her to her grandmother's house. Now, I believe that under all the circumstances, in the cumulative effect of all of this, not only threats, but constant being pursued by the police, being looked for at her home, at her grandmother's home, the arrest of her father, the arrest and disappearance of her brother right after being in police custody, and then also the harm that she suffered while in custody, that whole cumulative effect compels the conclusion that she suffered persecution in this case. And what's your best case for that? Because I know our case law is all over the map. So what's the best case to help you on why we're compelled? Yes, Your Honor. And I would argue that in Mashiri v. Ashcroft at 383 F. 3rd, 1112, I believe that that case clearly explains the situation because in Mashiri, the court strung together many rulings that this court has found in the past. For example, the court determined there that threats may be compelling evidence of past persecution, particularly when they're joined with evidence of violent confrontations and near confrontations. That's clearly present in this case. Additionally, violence against family members may support an applicant's asylum application. That is present in this case. It is not supported. The problem is we're at the point where we are reviewing the factual determination that was made by the IJ, and our standard is extremely high in terms of whether or not in this fact-intensive arena, we are compelled to make the opposite determination than the IJ did. And I think that's the difficulty I'm having, is because I'm not sure that that is compelled. It's a very persuasive argument, but it has to be higher than that. We're not sitting as the IJ or the BIA. We're sitting here to say whether or not a reasonable fact-finder would be compelled to make the opposite determination. And, Your Honor, I would respond to that and say that a reasonable fact-finder would be compelled. And one of the reasons why the IJ erred in this case is also because the IJ only looked at the time when she was arrested. That's the only thing that the IJ looked at. He did not review the whole circumstances surrounding why she fled India for her life. And considering all of those circumstances and the cumulative effect of all those circumstances, any reasonable fact-finder would be compelled to conclude that she suffered persecution in this case. Now, finding that, as mentioned before, the Court would have to remand for consideration of the additional issues in the first instance. And with that, I would reserve the rest of my time for rebuttal. Thank you, counsel. Thank you. Good morning. Good morning. May it please the Court, my name is Jacob Bashoroff, and I'm here on behalf of the Attorney General of the United States. There are two cases in the case. The first is where the Court has jurisdiction over the asylum application. And under any review of historical facts, Petitioner in this case failed to show that her asylum application was timely filed. Well, we have jurisdiction if we're applying the law to undisputed facts. That's correct, Your Honor. So what are the disputed facts that would deprive us of jurisdiction? The date of entry into the United States. In fact, Petitioner and his Petitioner, her reply brief, and I would like to direct the Court's attention to page three of the reply brief. When she goes through details and she says that because her testimony was accepted as true and she talks about that she was still in India and then she goes about her asylum application being filed on April 7th, 2003, and that she was there in October 2002. She does not list the date of her entry into this country as an undisputed fact. We're talking about the record before the IJ. That's correct. Not the brief. So what was the dispute in the record before the IJ regarding the date of entry? Well, she failed to meet her burden of proof by clearing convincing evidence and showed that she entered this country within one year of her filing of this application. All right. They haven't required evidence on that specific point as long as based on the historical facts, undisputed facts, she couldn't have filed her application outside of the limitations period. And so why don't all these facts, assuming that the IJ didn't make an express adverse credibility determination so we accept her testimony as true and she testified she was in India, she was at her grandmother's house on October 2002, so aren't we in the same position as in our precedence to say she could not have filed her application out of time? Well, the issue here is that we have ‑‑ she had to meet her burden of proof. And I would like to side to the Court's decision, recent en banc decision in Nirmal Singh. And if I may, if I may ask for Court's indulgence. But her burden was to show that she filed the asylum application within one year of entry, right? That's correct. And she claims that her credible testimony by itself, standing alone, is sufficient to establish that her application was filed within one year. If there is no evidence to the contrary, if the government doesn't put in any evidence, there is no adverse credibility determination, don't we have to take that testimony? But she has the burden of proof. And I would like to point to the Court's decision. And in the footnote, the Court noted, it is true that credible testimony that does not establish the necessary facts may not meet the clear and convincing standard. The Court noted it in the footnote. And I would also like to direct the Court's decision to another. There is a district court, sorry to say that, there is a District of Columbia Circuit Court of Appeals decision in Latifa Obama 2012 WL 1494924. And the Court noted that a story may be plausible and not incredible and yet be very unlikely. So we have the issue here is that if her credible testimony by itself is sufficient to establish, to meet her burden of proof, that she filed this application within one year. And if we look at. But is that a jurisdiction issue? Well, we have, first we have undisputed, we have to address the issue whether the fact of her entry is undisputed and it is undisputed. Right. So that gives us jurisdiction, right? Well, I'm sorry. The fact, sorry, that when she entered the United States, it is disputed when she entered the United States. If the Court believes that the issue as to whether she entered the United States is undisputed, then it gives the Court jurisdiction. And then the second question is whether the evidence provided meets the burden of proof, and our response to that is no. It's not. So are you conceding that there is jurisdiction? We're not conceding. We're making an alternative argument. The first argument is that it is disputed when she entered the United States. And the second one, it's an alternative argument that we're making that if the Court decides to reach that issue, that in any one, she failed to meet her burden of proof. I would also like to direct the Court's decision to. There was no credibility finding, correct? That's correct. So with no credibility finding, why aren't we required to take her statements with regard to entry and time as true? Well, because the cases that are being cited by the Court in support of that, I guess, that premise is that they apply to preponderance of the evidence standard. Here we have clear and convincing evidence standards, and I would like to cite to the Supreme Court definition of what that standard is. The clear and convincing evidence standard is higher than the preponderance of the evidence standard. The clear and convincing evidence standard requires the amount of proof that produces in the mind of the trifecta a firm belief or conviction as to the truth of allegations thought to be established. Evidence so clear, direct, and weighty and convincing as to enable the fact finder to come to a clear conviction without hesitancy of the truth of the precise facts of the issue. Go ahead. Just tell me, I understand how it couldn't be clear and convincing. If she's in India in October, and then we know she's in the United States, so are you suggesting that she might have filed her asylum application while she was still in India? I'm just not understanding the argument. We don't really know when she filed her asylum application because, unlike Quinn of Arden and Lynn, here we have the allegiances of persecution as applied to her, meaning that the participation in February 2002 elections in India and then her arrest on March the 12th. Wait. You say we don't know when she filed the asylum application? I'm just trying to get that. We don't know when she entered the United States. We know when she filed her asylum application. So she might have gone to the United States and then gone back to India? We don't really know that because she failed to meet her burden of proof. But there's no evidence. The problem I have with your argument is there is absolutely nothing in the record to contradict her testimony. Nothing. And there was no adverse credibility determination. So we have to accept her testimony as true under our precedent. Agreed? Agreed? That's correct. All right. So if we have to accept her testimony as credible, and she says that she was in India in October of 2002, then how is that not clear and convincing evidence that within one year of that period she filed her application for asylum? Well, the question is whether that undisputed testimony, that unchallenged testimony with respect to her allegations, whether it rises to that burden of proof that is necessary to meet the clear and convincing evidence. So you're saying we take it as credible because our precedent says it's credible because the IJ didn't make an adverse credibility determination, but we could still find that even though credible, it's not clear and convincing. That's correct. That's in essence the government's argument. Okay. Thank you. With respect of her eligibility for relief, asylum relief, withholding a war and protection under convention against torture, while a petitioner alleges that she met a burden of proof and established that she was persecuted in India, the evidence does not compel conclusion contrary to that reached by the immigration judge and the board that she failed to demonstrate by failing to produce actual evidence that she was. The harm that she suffered in that country raised to the level of persecution necessary under the INA. And on page 144 of the administrative record, which is related to her beating, basically she testified that when she was at the police station, the police officers, they slapped her. They were pulling my hair. They were pushing me like they were trying to embrace me and trying to touch me. And after that, when she testified about the treatment that she received, she stated that she did seek some treatment, but she said that like the doctor was saying, that when you suffer the shock and he begins to fearful, like I'm telling them that you saved my brother, they're beating us a lot. But she didn't really testify as to what specifically, what kind of treatment she received and with respect of the condition that she suffered there, as the court observed there, no severe injuries in the case. And while, you know, she might have been shocked, the question is whether that type of treatment was sufficient to rise to the level of persecution. Now, opposing counsel also says you need to look at the totality of the circumstances, the threats against her, the threats against your brother, the threats against your father. How do you respond to that? Well, I mean, she cannot establish persecution based on the harm suffered by family members. She has to identify instances of persecution that related personally to her. That's not exactly true because if there is an imputed political opinion premised on the actions of her family members and they come after her because of the activities of the family members, a case law has recognized that to be a sufficient basis to assert persecution. The court, the immigration judge in the incident case gave the case petitioner, gave the petitioner benefit of the doubt with respect to unaccounted requirement. While he expressed skepticism as to whether she demonstrated, whether she met her burden of proof with respect to that aspect of her claim, he found that even assuming that it was unaccounted for, protected ground under the NA, which is imputed political opinion, the instances of persecution in her case, which amounts to one arrest and being in detention for three days and being slapped and when her hair was pulled is insufficient to rise to the level of persecution under the INA. And the IJA's decision is based on the review of the entire record, including the evidence, including her asylum application and asylum statement. So the IJA, in fact, gave her benefit of the doubt with respect to that. In fact, the IJA gave her benefit of the doubt with respect to past persecution and found that going forward she failed to demonstrate a well-founded fear of future persecution because there's no evidence that anyone is looking for her in India. Her mother still lives in India. And another thing is that the circumstances in India have changed. We have a prime minister of India who is sick. We have a sick minority that participates in political and economic activity in this country, in that country. So based on that, and she failed to counter that evidence with anything showing that somehow she would be persecuted upon her return to that country. I would like to ask if the Court has any questions. Judge Hogue, do you have any questions? No, thank you. All right. Thank you, counsel. Thank you. Rebottle. Thank you. Now, first and foremost, counsel for the government continues to discuss whether there's clear and convincing evidence of the time that she entered the United States. Kuhn, Averdiens, and Lin have established clearly that it doesn't matter. The act, the statute does not require you to file to show that when you entered the United States. It just requires that you file your asylum application within one year. And as long as you can show facts that show that you were in your country within that one year, then that's sufficient regardless. Isn't he making a different argument? Not that he's making that argument also, but he's arguing that even though there wasn't an adverse credibility determination and she gave this testimony, it may not rise to the level of clear and convincing evidence. Well, Your Honor, I would disagree and say that that is in disagreement with this Court's precedent. Specifically, in Lin v. Holder, under almost very identical facts, they found that the reason they had jurisdiction in that case is because he was hiding until June of 2002. Then Lin applied for asylum on March 24th of 2003. The only evidence establishing that he was in China hiding in June of 2002 was his testimony, his credible testimony. And the Court determined that that was not disrefuted by the immigration judge. Thus, because that was credible testimony, that alone rises to a level of clear and convincing evidence. And that is what this Court's case law has held. So thus, I would argue that government's counsel assertion otherwise would be going against this Court's case law. Now, going to whether the harm rises to a level of persecution in this case, there was also psychological harm in this case because Ms. Corr specifically testified that after she was arrested by the police, this is at administrative record 147, at night she was scared and thought that the police were standing around her because of the harm that she had suffered. This also goes to that. And thus, the Court should find that she suffered a past persecution and remand for determination of other issues. With that, I would submit. Thank you. Thank you to my counsel. Thank you. The case argued is submitted for decision by the Court. Judge Huck, would you like to have a break before we take the last case? No, that's fine. All right. Thank you. We will proceed. The final case on calendar for argument.
judges: Hug, Rawlinson, Ikuta